Matt McBride Department of Institutions 3550 West Oxford Ave. Denver, CO 80236
Dear Mr. McBride:
This attorney general's opinion is in response to your August 7, 1981 request for an official opinion regarding the responsibility of representing the public interest in the commitment of developmentally disabled persons.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents one question:
Who is responsible for presenting the state's or the public's position in proceedings brought pursuant to C.R.S. 1973,27-10-125 (1980 Cum. Supp.) to impose a legal disability on or to determine the place of abode of a developmentally disabled person?
 My conclusion is that either the district attorney or the county attorney of the county where the proceeding is held is responsible for presenting the case in support of the imposition of legal disability or the determination of a legal right e.g. place of abode.
ANALYSIS
C.R.S. 1973, 27-10-125 (1980 Cum. Supp.), added in 1975 and repealed and reenacted in 1979, is the sole method set forth in the Mental Health Code, C.R.S. 1973, 27-10-101 et seq. by which an interested person may obtain a court determination of an imposition of a legal disability or deprivation of a legal right in regard to a person who is mentally retarded or developmentally disabled. C.R.S. 1973, 27-10-125, as amended. The interested person petitions the court for specific findings and the proceedings are held in accordance with the Colorado Rules of Civil Procedure. C.R.S. 1973, 27-10-125 (1980 Cum. Supp.) lacks reference to who represents the interested person at the judicial proceeding. C.R.S. 1973, 27-10-111(5) provides in pertinent part:
 All proceedings shall be conducted by the district attorney of the county where the proceeding is held or by a qualified attorney acting for the district attorney appointed by the district court for that purpose; except that, in any county or in any city and county having a population exceeding 100,000 persons, the proceeding shall be conducted by the county attorney or by a qualified attorney acting for the county attorney appointed by the district court.
Thus, the issue is whether "all proceedings" includes proceedings brought pursuant to C.R.S. 1973, 27-10-125 (1980 Cum. Supp.). I conclude that it does.
Legislative history suggests that the Legislature intended "all proceedings" to include actions brought to impose legal disabilities. Prior to July 1, 1975, the statutory provisions for the involuntary placement of both mentally ill and mentally deficient persons were contained in C.R.S. 1973, 27-9-101 etseq. Specifically, C.R.S. 1973, 27-9-106 set forth the procedures for the involuntary commitment of mentally ill or mentally deficient persons. This statute provided that "any reputable person" could file a petition in the district or probate court whereupon a medical commission was appointed and a hearing conducted to determine whether involuntary placement was necessary. Pursuant to C.R.S. 1973, 27-9-108 and 27-9-110, the attorney acting for the county was responsible for representing the case in support of the involuntary commitment. It is without dispute that under the prior code, the district attorney or the county attorney was responsible for conducting involuntary commitment proceedings regardless of whether the person involved was alleged to be mentally ill or mentally deficient. The language of C.R.S. 1973, 27-9-110 was substantially similar to the language now found in C.R.S. 1973, 27-10-111(5).
In 1973, section 27-10-101 et seq. was enacted to replace section 27-9-101 et seq. on July 1, 1975. Originally as enacted, 27-10-101 et seq. dealt with procedures in regard to "mentally ill persons;" the reference to "mentally deficient" persons was deleted. However, by the time C.R.S. 1973, 27-10-101 et seq. became effective on July 1, 1975, the general assembly had added section 27-10-125 to the Mental Health Code.
At that time, the legislature also amended subsections (1) and (2) of C.R.S. 1973, 27-10-111; however, the "all proceedings" language of subsection (5) remained. Thus, when C.R.S. 1973,27-10-125 was enacted, the legislature chose not to limit the broad scope of C.R.S. 1973, 27-10-111(5) although the General Assembly clearly had the opportunity to do so.
It should be noted that C.R.S. 1973, 27-10-125(1), (2), (3), and (4) as amended, apply to only specific proceedings under the Mental Health Code; these subsections contain language of limitation. In contrast, C.R.S. 1973, 27-10-125(5) as amended, contains no language of limitation, it states that the local government attorney shall conduct "all proceedings" under the Mental Health Code.
Given this legislative history, it appears the clear intent of the general assembly was to require the district attorney or the county attorney, whichever appropriate, to conduct proceedings brought under C.R.S. 1973, 27-10-125 (1980 Cum. Supp.).
This interpretation is consistent with other provisions of the Mental Health Code. Pursuant to C.R.S. 1973, 27-10-107 (1980 Cum. Supp.), a private or public facility may file with the court a short-term certification of a person who is alleged to be mentally ill and meets certain requirements under the statute. If the client requests a hearing to challenge the certification or the treatment provided, the district attorney or the county attorney, whichever appropriate, represents the facility regardless of whether it is a private or a public institution. As a matter of policy, there seems to be no distinction between the local government attorney representing a private facility in the involuntary commitment of a mentally ill person and representing an "interested person" in the proceeding to impose a legal disability upon a person who is alleged to be developmentally disabled.
The only difference in the language of the two statutes is that C.R.S. 1973, 27-10-10 does not spell out the procedures to be followed at the hearing, it refers to C.R.S. 1973, 27-10-111; C.R.S. 1973, 27-10-125 (1980 Cum. Supp.) sets forth thehearing procedures to be followed but not who conducts the hearings. Although C.R.S. 1973, 27-10-125 does not specifically refer to C.R.S. 1973, 27-10-111(5), there is no indication in the statute from which to infer that this lack of reference means that proceedings to impose legal disabilities or to determine legal rights are not included within the "all proceedings" language of C.R.S. 1973, 27-10-111(5).
Finally, it should be noted that the language and procedures of C.R.S. 1973, 27-10-125, as amended, apply equally to proceedings brought thereunder regarding persons alleged to be developmentally disabled and to proceedings dealing with the mentally ill. Thus, C.R.S. 1973, 27-10-125, as amended, is clearly a substantive part of the Mental Health Code.
SUMMARY
As a matter of statutory interpretation the language found in C.R.S. 1973, 27-10-111(5) which requires the district attorney or the county attorney, whichever appropriate, to conduct "all proceedings" should be read to include proceedings brought pursuant to C.R.S. 1973, 27-10-125 (1980 Cum. Supp.) to impose legal disabilities or to determine legal rights, including place of abode, of developmentally disabled persons.
Very truly yours,
 J.D. MacFARLANE Attorney General
MENTAL HEALTH PHYSICALLY HANDICAPPED ATTORNEYS INCOMPETENTS
C.R.S. 1973, 27-10-125 (Cum. Supp. 1980) C.R.S. 1973, 27-10-111 (Cum. Supp. 1980)
INSTITUTIONS, DEPT. OF Developmental Disabilities
The district attorney or county attorney is responsible for conducting proceedings under C.R.S. 1973, 27-10-125 (as amended).